*707 OPINION.
Trussell:
This taxpayer, together with all the other creditors of the corporation known as Midway Gardens, doing business in Chicago, finding that their debtor was unable to meet its obligations, entered into a compact, by virtue of which all the business assets of the debtor were placed in the hands of a trustee for the purpose of collecting rents and, if necessary, ultimately disposing of the debtor’s property. The principal asset of the debtor was a 99-year lease upon certain lands in the City of Chicago.
During the period from 1916 to 1919 the operating value of the leasehold 'was predicated largely upon the use of the premises as a 'concert and beer garden, although this business did not produce any large profits.- The coming of prohibition legislation temporarily caused tenants to give up their subleases and the income from the *708 ground lease to become nominal. It could not, however, be pre sumed that this condition would be permanent. 99-year lease upon property in the business district of Chicago where the population is increasing and business growing rapidly may well be an asset of substantial value which can not be destroyed by the temporary effects of prohibition legislation. While it no doubt is true that during the latter part of the year 1919 and the year 1920 the prospects of this taxpayer’s realizing anything upon its claim looked dark, the leasehold security still existed, and this taxpayer, together with its associated creditors who had entered into an understanding to rely upon the uses or the disposition of this leasehold property for the collection of their claims, was in a position in 1920 not seriously different from what it had been during one or more prior years. We are of the opinion that it should have patiently awaited the final outcome of the situation so long as the trustee controlled the 99-year lease. The right to occupy and use business premises in a large and growing city is an asset which can not be destroyed by temporary conditions, and we are led to the conclusion that the writing off of the taxpayer’s claim in December, 1920, wras premature.
Arundell not participating.